**CARMEN A. TRUTANICH**, City Attorney
**MICHAEL CLAESSENS**, Senior Assistant City Attorney
**CORY M. BRENTE**, Supervising Assistant City Attorney
**DENISE C. JOHNSON**, Deputy City Attorney - (SBN191992)
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Email: denise.johnson@lacity.org
Phone No.: (213) 978-7032, Fax No.: (213) 978-8785

*Attorneys for Defendants* **CITY OF LOS ANGELES, OFFICER CHRISTOPHER WREN and OFFICER JAMES DIAMOND**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.D.R, et al.,<br><br>　　　　　*Plaintiffs,*<br><br>vs.<br><br>CITY OF LOS ANGELES, OFFICER CHRISTOPHER WREN, OFFICER JAMES DIAMOND, and DOES 1 through 10, inclusive,<br><br>　　　　　*Defendants.* | Case No.: CV06-07466 VBF (MANx)<br>*Complaint Filed: 11/21/06*<br><br>**DEFENDANTS NOTICE OF MOTION AND FIRST MOTION IN LIMINE TO PRECLUDE EVIDENCE OF UNRELATED CITIZEN'S COMPLAINTS, LAWSUITS AND ARRESTS; MEMORANDUM OF POINTS AND AUTHORITIES; PROPOSED ORDER**<br><br>PTC DATE:　　January 21, 2010<br>PTC TIME:　　2:00 p.m.<br>PLACE:　　　Courtroom 9<br><br>Trial Date:　　February 9, 2010<br><br>U.S. District Judge<br>Valerie Baker Fairbanks |

**TO ALL PARTIES AND TO THEIR ATTORNEY OF RECORD HEREIN:**

　　　PLEASE TAKE NOTICE that Pursuant to Rules 104(a), 702, 403 and 404 of the Federal Rules of Evidence, **Defendants CITY OF LOS ANGELES, OFFICER CHRISTOPHER WREN and OFFICER JAMES DIAMOND** hereby move this Court on January 21, 2010 at 2:00 p.m., or as soon thereafter as this Court may hear said motion in limine, at the above-entitled Court, before jury selection or commencement of the trial, for an order instructing the parties, their counsel, and respective witnesses, not to mention,

1

interrogate or examine, or in any other way convey to the jury anything concerning the following facts or circumstances;

    1.    Evidence of any prior or subsequent complaints made to the L.A.P.D. or any other police department concerning the Defendants or any other peace officer;

    2.    Evidence of civil suits concerning the Defendants or any other LAPD officer.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on December 14, 2009.

Furthermore, the Court is requested to enter an order precluding Plaintiffs, Plaintiffs' counsel, and all witnesses from making any reference to or mention of said complaints, arrests, or suits, if any exist, without first obtaining permission from the Court outside the presence of the jury.

This motion is based upon the grounds that the evidence sought to be excluded is not relevant, material or admissible in the instant action and that such evidence would unfairly prejudice the Defendant Officers, mislead the jury and delay the trial. This motion is further based upon the attached Memorandum of Points and Authorities which is incorporated herein by reference.

DATED: December 28, 2009

        **CARMEN A. TRUTANICH**, City Attorney
        **MICHAEL L. CLAESSENS**, Senior Assistant City Attorney
        **CORY BRENTE**, Supervising Assistant City Attorney
        **DENISE JOHNSON**, Deputy City Attorney

By _____
        **DENISE JOHNSON**, Deputy City Attorney

*Attorneys for Defendants* **CITY OF LOS ANGELES, OFFICER CHRISTOPHER WREN, OFFICER JAMES DIAMOND**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The Defendants anticipate that Plaintiffs may attempt to introduce evidence of "other unrelated and non-relevant acts" of the Defendant Officers or other L.A.P.D. officers or make reference to them at some point during the trial. Permitting the plaintiffs to introduce or raise unrelated allegations and alleged misconduct, whether they relate to a Defendant Officer, or to other testifying L.A.P.D. officers is irrelevant to the issues in suit and would be unfairly prejudicial to the Defendants.

For those reasons, the Defendants request a Order, in limine, as outlined below.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 11, 2005 Officers from LAPD's narcotics unit as well as gang enforcement officers from LAPD's Southwest Division went to a home located at 3791 South Cimarron Street for the purpose of serving a search warrant based upon suspected narcotics activity going on inside the house. When officers arrived, they were spotted by a person at the house who fled on foot when he saw the officers. Officers Christopher Wren and James Diamond immediately ran after the individual who had fled towards the backyard area of the house. As the officers ran to the backyard, they heard persons running out of the house into the backyard area. They also heard the sounds of persons jumping over the side and back fences.

When Officers Wren and Diamond rounded the corner of the house and entered the backyard, they observed Brayland Randolph running away from them towards the side gate. The officers immediately noticed that Randolph had a handgun in his left hand pointed back at them. Both officers shouted "Gun!" to warn the other officers running up behind them that a suspect was armed with a gun. Randolph kept the gun pointed at the officers as he jumped the side fence into the adjacent yard. In fear for the lives, Officers Wren and

Diamond opened fire on Randolph. Randolph was struck by several of the officers' bullets and collapsed on the ground of the adjacent yard. He was later pronounced dead. His firearm was recovered from the tall grass next to the fence he had jumped over. The coroner ruled the cause of dead was due to multiple gunshot wounds.

Randolph's minor children filed this lawsuit alleging the officers wrongfully shot and killed their father in violation of his 4th amendment rights. They further alleged that the City of Los Angeles maintained a policy, practice or custom of fostering the alleged unlawful conduct. The Defendant Officers deny these allegations, given that they shot Randolph in defense of their lives while Randolph pointed a loaded gun at them.

### III.

**A. EVIDENCE OF ALLEGED MISCONDUCT SHOULD BE EXCLUDED BECAUSE IT IS IRRELEVANT AND PREJUDICIAL.**

Rule 404(b) of the Federal Rules of Evidence provides in pertinent part that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action and conformity therewith."

The commentators generally agree that evidence of unrelated acts of misconduct should not be admitted in a civil trial. For example, Judge Weinstein has stated that:

> "Rule 404, by its use of the word "accused" . . . adopts the orthodox position of rejecting evidence of character in civil actions offered as a basis for inferring an act."

2 Weinstein Evidence, para. 404(03)(1990).

The Defendants believe that Plaintiffs may attempt to introduce prior acts of one or more of the Defendant Officers or other police officers, allegedly to show motive, opportunity, intent, preparation, knowledge, identity or absence of mistake or accident, although they have not specifically identified under which theory they may attempt to introduce such evidence.

The Ninth Circuit has held that evidence of prior acts of a Defendant police officer

in a civil rights action are inadmissible. Gates v. Rivera, 993 F.2d, 697, 700 (9th. Cir. 1993). In Gates, the defendant police officer, Rivera, was allowed to testify that in his 16-1/2 years as a police officer, he had not shot anyone and that he had never before discharged his weapon. The Appellate Court noted that such evidence was not admissible in a civil rights under Federal Rules of Evidence, Rule 404, and held that such evidence was irrelevant since intent was not an issue in an excessive force case.

Other Circuits are in accord. In Berkovich v. Hicks, 922 F.2d 1018 (2nd Cir. 1991), the Court affirmed the trial Court's decision to exclude evidence of prior complaints against a police officer. The Court held that the Plaintiffs' attempt to introduce evidence of prior complaints "amounts to no more than a veiled attempt to do what Rule 404(b) expressly prohibits --introducing evidencing of bad acts to show the Defendants' propensity to commit such acts."
Id. at 1022.

In yet another analogous case, the Court in Tigges v. Cataldo, 611 F.2d 936, 938 (1st Cir. 1979), flatly refused to permit a civil plaintiff to refer to prior misconduct of the Defendant officer.

> "... evidence of other unrelated episodes was material only in the impermissible sense of showing a bad character from which to infer a propensity to commit the alleged wrong... Further, since the past conduct was not, in and of itself, probative of truthfulness or untruthfulness, ... plaintiff could not have cross-examined [the officers] directly on the subject of the [prior] incident."

Clearly, evidence of any prior unrelated complaints, or lawsuits involving the Defendant Officer or any other L.A.P.D. officer is irrelevant to the issues presented in the instant suit and should be precluded. Any such reference to unrelated complaints or lawsuits would be prejudicial as well as irrelevant for the reasons stated herein.

///
///

B. **EVIDENCE OF OTHER INSTANCES OF ALLEGED MISCONDUCT IS NOT "HABIT" EVIDENCE AS DEFINED BY EVIDENCE RULE 406.**

Plaintiffs may further argue that prior acts of any Defendant Officer are relevant to show habit or custom. The conduct of a Defendant Officer on prior occasions if any, is not relevant to whether they used reasonable force in this matter. As one Court articulated:

> "In any event, issues of motive and intent are specially irrelevant in [excessive force cases]. The test "in an excessive force case is an objective one." [Citation omitted.] Thus, an officer evil intentions will not make a 4th Amendment violation out of an objectively reasonable use of force; nor will an officers good intentions make an objectively unreasonable use of force constitutional."

Morgan v. City of Marmaduke, Ark. 958 F.2d 207, 211 (8th Cir. 1992), Graham v. Connor, 490 U.S. 386, 387, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

Any attempt to introduce evidence of unrelated complaints or lawsuits would serve only to show "conduct and conformity with character." This type of evidence is irrelevant and prohibited by Rule 404(b). On that basis, the Defendants request that any such evidence be excluded.

C. **ALLEGED EVIDENCE OF "OTHER ACTS" SHOULD ALSO BE EXCLUDED UNDER RULE 403.**

Relevant evidence may be excluded at trial if its probative value is substantially outweighed by the danger of unfair prejudice. Federal Rules of Evidence, Rule 403. (Rule 403 provides:

> "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or considerations of undue delay, waste of time, or a needless

6

presentation of cumulative evidence."

Assuming arguendo, the relevance of other complaints or civil suits, evidence of this nature would be highly prejudicial to the Defendant Officers and should be excluded on that basis. Furthermore, introduction of such evidence would turn a trial regarding one incident into a trial of potentially multiple incidents, and would thereby result in an unnecessary waste of judicial resources and the parties' time.

## III.
## CONCLUSION

For the foregoing reasons, the Defendants request an Order precluding the parties, their counsel and all witnesses from introducing evidence or making any reference to any complaints filed with the L.A.P.D. or any other department, or any civil suits involving any Defendant Officer or any other L.A.P.D. officer.

DATED:   December 28, 2009

**CARMEN A. TRUTANICH,** City Attorney
**MICHAEL CLAESSENS,** Senior Asst. City Attorney
**CORY M. BRENTE,** Supv. Assistant City Attorney

By: _____
       DENISE C. JOHNSON
       Deputy City Attorney

*Attorneys for Defendants*
**CITY OF LOS ANGELES,
OFFICER CHRISTOPHER WREN,
OFFICER JAMES DIAMOND**
                              **United States District Judge**

7