1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo, (Bar No. 144074)
2    dalekgalipo@yahoo.com
   21800 Burbank Boulevard, Suite 310
3  Woodland Hills, California  91367
   Telephone:   (818) 347-3333
4  Facsimile:   (818) 347-4118

5  Attorneys for Plaintiffs

6

7                UNITED STATES DISTRICT COURT

8                CENTRAL DISTRICT OF CALIFORNIA

9                     WESTERN DIVISION

10 J.D.R.; et al.,                    Case No. CV 06-07466-VBF (MANx)

11          Plaintiffs,               **PLAINTIFFS' MEMORANDUM OF**
                                      **CONTENTIONS OF FACT AND**
12      vs.                           **LAW**

13 CITY OF LOS ANGELES; et al.,       PRETRIAL CONFERENCE
                                      Date:   January 21, 2010
14          Defendants.               Time:   2:30 a.m.
                                      Ctrm:  9
15
                                      TRIAL
16                                    Date:   February 9, 2010
                                      Time:   8:30 a.m.
17                                    Ctrm:  9

18

19              **I.  INTRODUCTION**

20         This in an action for damages brought under 42 U.S.C. § 1983 by Plaintiffs

21 J.D.R., A.B.R., B.G., J.G., and Brandale Randolph, against Defendants City of Los

22 Angeles, Officer Christopher Wren, and Officer James Diamond.  All claims stem

23 from the death of the decedent, Brayland Schapael Randolph ("Decedent") as a

24 result of an unjustified shooting by Officers Wren and Diamond on May 11, 2005.

25         Plaintiffs are seeking both wrongful death and survival damages under § 1983

26 and under their related state claims.  Plaintiffs also are seeking punitive damages

27 and attorney fees under 42 U.S.C. § 1988.

28

## II.  CONTENTIONS OF FACT

1.  On May 11, 2005, in Los Angeles, California, Officers Wren and Diamond used excessive force against Decedent by shooting him.

2.  Decedent posed no imminent, objectively reasonable threat of serious bodily harm or death to the officers or anyone else.

3.  Decedent was merely running away from the officers when he was shot in the back multiple times.

4.  Officers Wren and Diamond continued to shoot at Decedent, striking him in the back, after he was on the ground.

5.  Officers Wren and Diamond acted under color of state law and in the course and scope of their employment as police officers for the City of Los Angeles.

6.  Decedent and Plaintiffs, who are Decedent's immediate family members, have suffered damages as a result of the unconstitutional and tortious use of excessive force.

## III.  CONTENTIONS OF LAW

### A.   Fourth Amendment Violation: Use of Excessive Force Against Decedent

Plaintiffs contend that Officers Wren and Diamond, while acting under the color of law, violated his rights under the Fourth Amendment to be free from an unreasonable seizure when Officers Wren and Diamond used objectively unreasonable force against Decedent under the circumstances.

#### 1.   Excessive Force Against Decedent

Plaintiffs contend that the excessive use of deadly force by Officers Wren and Diamond, was a cause of injuries and damages to Decedent and Plaintiffs.  The reasonableness of the force used is determined by "'careful[ly] balancing . . . the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'"  *Graham v. Connor*,

490 U.S. 386, 396 (1989) (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)).  In

*Garner*, the Supreme Court held with respect to the nature and quality of the

intrusion:

> The intrusiveness of a seizure by means of deadly force is unmatched.
> The suspect's fundamental interest in his own life need not be
> elaborated upon.  The use of deadly force also frustrates the interest of
> the individual, and of society, in judicial determination of guilt and
> punishment.

*Id.* at 9.  The *Garner* Court went on to define a test for whether an officer's use of

deadly force was constitutional:

> Where the officer has probable cause to believe that the suspect poses a
> threat of serious physical harm, either to the officer or to others, it is
> not constitutionally unreasonable to prevent escape by using deadly
> force.  Thus, if the suspect threatens the officer with a weapon or there
> is probable cause to believe that he has committed a crime involving
> the infliction or threatened infliction of serious physical harm, deadly
> force may be used if necessary to prevent escape, and if, where
> feasible, some warning has been given.

*Id.*  at 11-12; *see also Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir.

1991) (holding that "police officers could not reasonably have believed that the use

of deadly force was lawful because Curnow did not point the gun at the officers and

apparently was not facing them when they shot him the first time"); *Ting v. United

States*, 927 F.2d 1504, 1511 (9th Cir. 1991) ("It was generally established at the

time of the shooting that an officer could use deadly force to effectuate an arrest if,

under the circumstances, he reasonably believed that such force was necessary to

protect himself or others from serious bodily harm."); *Harris v. Roderick*, 126 F.3d

1189, 1201 (9th Cir. 1997) ("Moreover, whenever practicable, a warning must be

given before deadly force is employed.").  Four years later, in *Graham*, the Court

held that all claims of excessive force must be evaluated under a standard of

objective reasonableness, in light of the facts and circumstances confronting the

officers "from the perspective of a reasonable officer on the scene, rather than with

the 20/20 vision of hindsight."  490 U.S. at 396-97.

In *Scott v. Harris*, 550 U.S. 372 (2007), which involved the termination of a high-speed car chase by means of collision, the Court clarified that *Garner* does not apply to all so-called "deadly force," but rather represents "an application of the Fourth Amendment's 'reasonableness' test to the use of a particular force in a particular type of situation." *Id.* at 382.  The *Scott* Court distinguished the particular situation ruled by *Garner*—"a policeman's shooting a gun so as to hit a person"— from the use of force in *Scott*, which was "[a] police car's bumping a fleeing car." *Id.* at 383.  Accordingly, *Garner* remains the applicable Fourth Amendment standard for the objective reasonableness of shooting a suspect.  *See Porter v. Osborn*, 546 F.3d 1131, 1141 (9th Cir. 2008) ("In such a case, the Fourth Amendment's reasonableness test applies, tempered by the special constitutional rules governing deadly force.") (citing *Scott* and *Garner*); *Price v. Sery*, 513 F.3d 962, 966-67 (9th Cir. 2008).

Government interest factors to balance against the type and amount of force used include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396.  The "most important single element of the three specified factors [is] whether the suspect poses an immediate threat to the safety of the officers or others."  *Chew v. Gates*, 27 F.3d 1432, 1441 (9th Cir.1994).  The *Graham* Court did not limit the inquiry to these three factors, however, and another factor to consider is the availability of alternative methods to capture a person. *Smith v. City of Hemet*, 394 F.3d 689, 701 (2005) (*en banc*).  Even where some force is justified, the amount actually used may be excessive. *Santos v. Gates*, 287 F.3d 846, 853–54 (9th Cir. 2002).  A person has a right to offer reasonable resistance to an officer who is using excessive force, or to an arrest that is the product of an officer's bad faith or provocative conduct. *United States v. Span*, 75 F.3d 1383, 1388–89 (9th Cir. 1996).

### B.   **Battery**

Plaintiffs contend that Officers Wren and Diamond, while acting in the course and scope of their employment as City police officers, used unreasonable or excessive force against Decedent when they shot him, causing damages to Decedent and Plaintiffs.  *Munoz v. City of Union City* 120 Cal. App. 4th 1077, 1102 n.6 (2004).

### C.   **Negligence**

Plaintiffs contend that Officers Wren and Diamond, while acting in the course and scope of their employment as City police officers, used negligent tactics leading up to their similarly negligent use of excessive force against Decedent, causing damages to Decedent and Plaintiffs.  *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 534 (2009); *Grudt v. City of Los Angeles* 2 Cal. 3d 575, 587 (1970); *Munoz v. Olin* ("*Olin*") 24 Cal. 3d 629, 634 (1979).

### D.   **Damages**

Plaintiffs claim compensatory damages for Decedent's pain and suffering, loss of enjoyment of life, emotional distress, mental anguish, and loss of earnings. Plaintiffs claim compensatory damages for their loss of Decedent's love, companionship, comfort, care, society, and support, as well as loss of financial support and funeral/burial expenses.  Plaintiffs further claim attorney fees under § 1988 and punitive damages.

### **PLAINTIFF'S CLAIMS**

Claim 1:   Officers Wren and Diamond used excessive force against Decedent in violation of the Fourth and Fourteenth Amendments.

Claim 2:   Battery.  Officers Wren and Diamond used unreasonable force against the decedent under the circumstances.

Claim 3:   Negligence.  Officers Wren and Diamond negligently created a situation in which similarly negligent force was used.

## ELEMENTS REQUIRED TO ESTABLISH PLAINTIFF'S CLAIMS

**Claim 1:**     (i) Officers Wren and Diamond acted under color of law; (ii) Officers Wren and Diamond used excessive force against Decedent; (iii) the excessive force was a cause of injury, damage, loss, or harm to Decedent and/or Plaintiffs.

*See* Ninth Circuit Manual of Model Jury Instructions, No. 9.22.

**Claim 2:**     (i) Officers Wren and Diamond used unreasonable force against Decedent; (ii) the unreasonable force was a cause of injury, damage, loss, or harm to Decedent and/or Plaintiffs.

*See* CACI 1305.

**Claim 3:**     (i) Officers Wren and Diamond failed to use reasonable care to prevent harm to Decedent; (ii) The negligence of Officers Wren and Diamond was a cause of injury, damage, loss, or harm to Decedent and/or Plaintiffs.

*See* CACI 400, 401.

## IV.  EVIDENCE RELIED ON BY PLAINTIFFS IN SUPPORT OF THEIR CLAIMS

1.     Officers Wren and Diamond did not have any information that Decedent had committed any crime;

2.     Officers Wren and Diamond did not observe Decedent commit any crime;

3.     Decedent did not pose an imminent, reasonable threat of death of serious bodily injury to Officers Wren and Diamond or anyone else;

4.     Decedent never hit or attempted to hit Officers Wren and Diamond;

5.     Decedent never pointed a gun at Officers Wren and Diamond;

6.     Decedent merely tried to run from Officers Wren and Diamond;

7.     Officers Wren and Diamond unreasonably shot Decedent;

8.     Decedent and Plaintiffs suffered injuries and other damages as a result of the excessive force by Officers Wren and Diamond;

9.      Plaintiffs will rely on the testimony of the witnesses in Plaintiffs' witness list
and the documents in the Joint Exhibit list.

## V.  BIFURCATION OF ISSUES

Defendants are requesting bifurcation of liability from damages and punitive
damages.  Plaintiffs' position on bifurcation will depend in large part on the Court's
rulings on various *in limine* evidentiary issues.

## VI.  THE TRIAL IS BY JURY

The issues herein are triable to a jury as a matter of right.  The parties made a
timely demand for trial by jury.

## VII.  ATTORNEY'S FEES

Attorney fees are allowed to the prevailing party pursuant to 42 U.S.C. §
1988.

## VIII.  ABANDONMENT OF ISSUES

Plaintiffs are not pursuing their claim of municipal liability against the City
but are maintaining their claims under state law against the City based on vicarious
responsibility for their officers' tortious acts.

## IX.  WITNESS LIST

Plaintiffs are serving and filing under separate cover their witness list.

DATED:  December 31. 2009         LAW OFFICES OF DALE K. GALIPO


                                        By_____/s/ Dale K. Galipo_____
                                           Dale K. Galipo
                                           Attorneys for Plaintiffs