| | |
|---|---|
| 1 | LAW OFFICES OF DALE K. GALIPO |
| | Dale K. Galipo, Esq. (Bar No. 144074) |
| 2 | dalekgalipo@yahoo.com |
| | 21800 Burbank Boulevard, Suite 310 |
| 3 | Woodland Hills, California 91367 |
| | Telephone: (818) 347-3333 |
| 4 | Facsimile: (818) 347-4118 |
| 5 | Attorneys for Plaintiffs |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| J.D.R., et al., | Case No. CV 06-07466-VBF (MANx) |
| Plaintiffs, | **PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF DECEDENT'S PRIOR ALLEGED CRIMINAL HISTORY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| CITY OF LOS ANGELES, et al., | |
| Defendants. | |
| | [Proposed] Order *filed concurrently herewith* |
| | Date: January 21, 2010 |
| | Time: 2:30 p.m. |
| | Judge: Hon. Valerie B. Fairbank |
| | Ctrm: 9 |

03297.18311/3242761.1

CV 06-07466-VBF (MANx)

PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE #1 (CRIMINAL HISTORY)

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that on January 21, 2010, at 2:00 p.m., or as soon thereafter as this matter may be heard in Courtroom 9 of the above-entitled Court, Plaintiffs will and hereby does move the Court by way of this Motion In Limine No. 1 to exclude evidence and argument regarding the decedent's alleged prior criminal history at the trial of this matter. Plaintiffs make this Motion under Federal Rules of Evidence 401, 402, 403, and 404.

**Statement of Local Rule 7-3 Compliance**: This motion is made following a conference of counsel pursuant to L.R. 7-3, which took place on December 14, 2009.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

DATED: December 31. 2009         LAW OFFICES OF DALE K. GALIPO


                                 By_____/s/ Dale K. Galipo_____
                                    Dale K. Galipo, Esq.
                                    *Attorneys for Plaintiffs*

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Plaintiffs are seeking to exclude evidence of the decedent's criminal history as being irrelevant, unduly prejudicial, and improper character evidence. The involved officers had no prior contact with the decedent or any knowledge of the decedent's prior criminal history at the time of the incident. Accordingly, this evidence was irrelevant to the decision of the involved to use force against the decedent. Any speculative probative value would be substantially outweighed by the danger of undue prejudice and confusing the jury, with respect to both liability and damages issues.

## Argument

### I. THE EVIDENCE IS IRRELEVANT AND SHOULD BE EXCLUDED

Federal Rule of Evidence 401 defines "relevant evidence" as evidence having any tendency to make the existence of any fact that is of consequence to the determination or the action more probable or less probable than if would be without the evidence. Rule 402 states in part that evidence which is not relevant is not admissible. Evidence of facts and circumstances not known to the officers during their encounter with the decedent are irrelevant. *Graham*, 490 U.S. at 397; *cf. Rubalcava v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995) (affirming admission of "limited" evidence of plaintiff's prior criminal history only because it was known to the officers at the time of the incident); *Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the shooting is irrelevant and prejudicial.").

The jury in the instant case will have to decide whether the deadly force used was objectively excessive and unreasonable under the circumstances. Defendants have designated as Exhibit 222 a Certified Copy of the decedent's conviction for carrying a concealed weapon. However, the involved officers had no prior

information or contact with the decedent prior to the day of the incident and knew nothing about the decedent's criminal history. Therefore, the decedent's criminal history is irrelevant and should be excluded from evidence at the time of trial.

## II. THE EVIDENCE ALSO SHOULD BE EXCLUDED UNDER RULE 403

Alternatively, even if there was some relevance to this evidence, this Court should use its discretion under Rule 403 and nevertheless exclude evidence of the decedent's alleged prior criminal history. Rule 403 excludes relevant evidence "if its probative value is substantially outweighed by the danger of the unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Evidence that the decedent has a prior conviction for carrying a concealed weapon is of no probative value. Any speculation that this prior conviction makes it more likely that he posed an imminent threat of death or serious bodily harm to the defendant-officers would be too attenuated and would pale in comparison to the unduly prejudicial and misleading nature of such evidence. Inflammatory and misleading evidence and argument about such criminal history is solely designed to unduly prejudice Plaintiffs and to confuse and mislead the jury that such evidence can be used to justify Defendants' use of force or reduce Plaintiff's compensatory damages. Accordingly, Plaintiff respectfully requests that the Court alternatively exclude this evidence and argument under Rule 403.

## III. THE EVIDENCE IS IMPERMISSIBLE CHARACTER EVIDENCE

Rule 404(a) provides in part: "Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." In the instant case, it is anticipated that the defendants may attempt to introduce improper character evidence related to the decedent, including the decedent's prior contacts with law enforcement, or prior criminal activity, to show that he acted in conformity therewith on May 11, 2005. Since this

1  evidence would be improper character evidence, it should be excluded by this Court
2  under Rule 404(a).

### Conclusion

4      For the foregoing reasons, Plaintiffs respectfully request that the Court grant
5  Plaintiffs' Motion In Limine No. 1 and exclude evidence of the decedent's alleged
6  prior criminal history or prior contacts with law enforcement.

7  DATED: December 31. 2009    LAW OFFICES OF DALE K. GALIPO

9                          By        /s/ Dale K. Galipo
10                           Dale K. Galipo, Esq.
                          *Attorneys for Plaintiffs*