**CARMEN A. TRUTANICH**, City Attorney
**MICHAEL CLAESSENS**, Senior Assistant City Attorney
**CORY M. BRENTE,** Supervising Assistant City Attorney
**DENISE C. JOHNSON,** Deputy City Attorney - (SBN191992)
200 North Main Street, 6th Floor, City Hall East
Los Angeles, California  90012
Email: denise.johnson@lacity.org
Phone No.: (213) 978-7032, Fax No.: (213) 978-8785

*Attorneys for Defendants* **CITY OF LOS ANGELES, OFFICER CHRISTOPHER WREN and OFFICER JAMES DIAMOND**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.D.R, et al.,<br><br>　　　　*Plaintiffs,*<br>vs.<br><br>CITY OF LOS ANGELES, OFFICER CHRISTOPHER WREN, OFFICER JAMES DIAMOND, and DOES 1 through 10, inclusive,<br><br>　　　　*Defendants.* | Case No.: CV06-07466 VBF (MANx)<br>*Complaint Filed: 11/21/06*<br><br>**DEFENDANTS' RESPONSE AND OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF DECEDENT'S PRIOR ALLEGED CRIMINAL HISTORY**<br><br>**PTC Date:**　　**January 21, 2010**<br>**TRIAL Date:**　**February 9, 2010**<br>**PLACE:**　　**Courtroom 9**<br><br>**U.S. District Judge**<br>**Valerie Baker Fairbank** |

Defendants **CITY OF LOS ANGELES, OFFICER CHRISTOPHER WREN and OFFICER JAMES DIAMOND** hereby submit the following opposition to Plaintiffs' Motion in Limine No. 1 to exclude decedent's prior alleged criminal history.

///

///

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The decedent suffered several criminal convictions prior to the date of the incident. Most noteworthy was the conviction he sustained on February 27, 2003 for a violation of California Penal Code section 12025(a)(1) (Carrying a concealed weapon). As a result of that conviction, Randolph received a sentence of 180 days in the Los Angeles County Jail and was placed no three years of formal probation. He was on active formal probation at the time of this officer-involve shooting under case no. XCNBA24132701. Conditions of his probation included obeying all laws, submitting to search and seizure by a law enforcement officer at any time day or night, and not possessing any weapons. The fact that Randolph was in possession of a firearm at the time he was confronted by officers would give him cause to flee the officers, and potentially use any force necessary to prevent capture. The Defendants are entitled to argue this to the jury, since the conviction would not be used as character evidence but for the purpose of showing motive.

## II.

## THE FACT OF THE CONVICTION, AND THE CHARGE, ARE RELEVANT

The fact that Brayland Randolph was in possession of a firearm while on formal probation for a weapons charge is extremely relevant and it clearly shows why Brayland Randolph would choose to run from police when he encountered them. Furthermore, Defendants are prepared to argue that Randolph may have felt it necessary to threaten the officers with the gun in an attempt to get away, knowing that he would be returned to jail for the probation violation of possessing the gun himself. Such information supports the officers' version of the facts in which they both state that they saw Brayland Randolph running away from them with a gun in his hand pointed in their direction. If the jury believes this to be true, then the law supports their decision to use deadly force. For these

1

reasons, evidence of Randolph's conviction and probation conditions is highly relevant.

## III.

## THE EVIDENCE IS MORE PROBATIVE THAN PREJUDICIAL

Plaintiff's argument that evidence of Randolph's conviction is too prejudicial for the jury's consideration in not persuasive. The jury will hear evidence that Randolph had a gun in his possession at the time of the incident. The fact that he had a gun in his possession on a prior occasion is prejudicial in that it shows that he has had a previous opportunity to acquire a handgun and possess it on his person. However, all evidence that tends to support the claims of the one party is prejudicial to the opposing party.

The question this Court must consider is whether such evidence is more prejudical than probative. Given that the purpose of this evidence is to show motive to flee from police given the consequences of a probation violation, the probative value is very high. However, since the jury will already have heard that Randolph had a gun at the time of this incident, the prejudical effect of hearting that he had a gun on another incident will be much less. Therefore, the evidence should be allowed.

## IV.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court to deny Plaintiffs' Motion in Limine. The evidence is relevant and probative to demonstrate to

///
///
///
///
///
///
///

1  the jury motive for the decedent to behave in the manner witnessed by the Defendant
2  police officers at the time of the incident on May 11, 2005.

4  DATED: January 7, 2010

**CARMEN A. TRUTANICH**, City Attorney
**MICHAEL CLAESSENS**, Senior Asst. City Attorney
**CORY M. BRENTE,** Supv. Assistant City Attorney

/S/ Denise C. Johnson
By: _____
**DENISE C. JOHNSON**, Deputy City Attorney

*Attorneys for Defendants* **CITY OF LOS ANGELES, OFFICER CHRISTOPHER WREN and OFFICER JAMES DIAMOND**

3