LAW OFFICES OF DALE K. GALIPO
  Dale K. Galipo, Esq. (Bar No. 144074)
  dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:  (818) 347-3333
Facsimile:  (818) 347-4118

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| J.D.R., et al., <br><br>   Plaintiffs, <br><br> vs. <br><br> CITY OF LOS ANGELES, et al., <br><br>   Defendants. | Case No. CV 06-07466-VBF (MANx) <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE #2 TO BIFURCATE OR TRIFURCATE THE TRIAL AND EXCLUDE EVIDENCE OF THE FINANCIAL CONDITION OF DEFENDANT** <br><br> Date:  January 21, 2010 <br> Time:  2:30 p.m. <br> Judge:  Hon. Valerie B. Fairbank <br> Ctrm:  9 |

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    PLAINTIFFS CONDITIONALLY OPPOSE BIFURCATION**

Plaintiffs have abandoned their *Monell* claim, as noted in their Memorandum of Contentions of Fact and Law which was filed on the same date as the instant motion *in limine*. Plaintiffs also do not oppose bifurcation of punitive damages, including any evidence of Defendants' net worth, into a phase separate from the liability phase so long as the jury is instructed that such phase would be "brief." The only remaining issue from Defendants' motion in limine is whether the liability issues should be bifurcated from the compensatory damages issues. Also pending before the Court are Plaintiffs' motions in limine to exclude the prejudicial evidence

of the decedent's prior criminal history and drug use.  Plaintiffs have contended that such evidence would be inadmissible as to both liability and compensatory damages.  Plaintiffs' position on bifurcation will depend on the Court's rulings regarding this evidence.

Plaintiffs **oppose** bifurcation of liability from compensatory damages if the Court concludes that the decedent's prior bad acts are **either inadmissible or admissible as to <u>both</u> liability and damages**.  Under this scenario, punitive damages and Defendants' net worth would still be bifurcated into a separate phase.  Concerns of judicial economy do not warrant bifurcation, because all of the evidence relevant to compensatory damages can be presented in roughly half of a court day.  Further, there would be no danger that the jury's liability finding would be improperly swayed by prejudicial evidence of the decedent's prior bad acts.  Any speculation that the jury would be swayed by sympathy rather than apply the law to facts as instructed will be mitigated by the jury's instruction not to allow sympathy to influence its verdict. *See* U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 1.1A ("And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.")  Further, a bifurcated trial would prejudice Plaintiffs because it would provide an incentive for the jury to return a defense verdict on liability in order to avoid the burden of returning for jury service to determine compensatory damages.  *See Hamm v. American Home Properties Corp.*, 888 F. Supp. 1037 (E.D. Cal. 1995); 9 WRIGHT AND MILLER, FED. PRACTICE & PROC. CIVIL 2d § 2390; *Monaghan v. SZS 33 Associates, L.P.*, 827 F. Supp. 233, 245-46 (S.D.N.Y. 1993) (denying bifurcation of liability and damages in action by parents of shooting victim; though evidence of brutal nature of attack, and of victim's suffering, would elicit jury's sympathy, defendants failed to show that case was "truly extraordinary" so as to warrant Rule 42(b) relief).

      Plaintiffs **do not oppose** bifurcation of liability from compensatory damages if the Court concludes that the decedent's prior bad acts are **inadmissible as to liability, but admissible as to damages**, because of the danger that the jury's liability finding would be improperly swayed by the inflammatory and prejudicial evidence of the decedent's prior bad acts.

      Respectfully submitted,

DATED:  January 7, 2010        LAW OFFICES OF DALE K. GALIPO

                                  By     /s/ Dale K. Galipo
                                      Dale K. Galipo, Esq.
                                      *Attorneys for Plaintiffs*