**CARMEN A. TRUTANICH**, City Attorney
**GARY G. GEUSS**, Chief Assistant City Attorney
**CORY M. BRENTE,** Supervising Assistant City Attorney
**DENISE C. MILLS,** Deputy City Attorney - (SBN191992)
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Email: denise.mills@lacity.org
Phone No.: (213) 978-7032, Fax No.: (213) 978-8785

*Attorneys for Defendants* **CITY OF LOS ANGELES, OFFICER CHRISTOPHER WREN and OFFICER JAMES DIAMOND**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.D.R, et al.,<br><br>      *Plaintiffs,*<br>vs.<br><br>CITY OF LOS ANGELES, OFFICER CHRISTOPHER WREN, OFFICER JAMES DIAMOND, and DOES 1 through 10, inclusive,<br><br>      *Defendants*. | Case No.: CV06-07466 VBF (MANx)<br>*Complaint Filed: 11/21/06*<br><br>**DEFENDANTS NOTICE OF MOTION AND FOURTH MOTION IN LIMINE TO EXCLUDE PERSONS LISTED IN PLAINTIFFS' AMENDED WITNESS LIST; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**PTC DATE:** June 21, 2010<br>**PTC TIME:** 3:00 p.m.<br>**PLACE:** Courtroom 9<br><br>**Trial Date:** July 6, 2010<br><br>**U.S. District Judge Valerie Baker Fairbanks** |

**TO ALL PARTIES AND TO THEIR ATTORNEY OF RECORD HEREIN:**

PLEASE TAKE NOTICE that Defendants CITY OF LOS ANGELES, OFFICER CHRISTOPHER WREN and OFFICER JAMES DIAMOND hereby move this Court on June 21, 2010 at 3:00 p.m., or as soon thereafter as this Court may hear said motion in limine, at the above-entitled Court, before jury selection or commencement of the trial, for an order excluding persons named on Plaintiffs' amended witness list on the grounds that the witnesses were never disclosed in Plaintiffs' initial or supplemental disclosures,

1

**DEFENDANTS NOTICE OF MOTION AND FOURTH MOTION IN LIMINE TO EXCLUDE PERSONS LISTED IN PLAINTIFFS' AMENDED WITNESS LIST; MEMORANDUM OF POINTS AND AUTHORITIES**

1  and were never designated as experts pursuant to F.R.C.P. Rule 26(a)(2). To allow the
2  plaintiffs' attempt to ambush the defendants by admitting the testimony of these
3  witnesses at the 11th hour of a retrial would be unfairly prejudicial to the defense.
4      This motion is made following the conference of counsel pursuant to Local Rule
5  7-3 which took place on June 14, 2010.    This motion is based upon this motion, the
6  memorandum of points and authorities in support, the records and files herein and such
7  further and other evidence or argument that may be admitted at the hearing.
8      DATED: June 15, 2010

**CARMEN A. TRUTANICH**, City Attorney
**GARY G. GEUSS**, Chief Assistant City Attorney
**CORY BRENTE**, Supervising Assistant City Attorney
**DENISE C. MILLS**, Deputy City Attorney

By  /S/ Denise C. Mills
    ―――――――――――――――――――
    **DENISE C. MILLS,** Deputy City Attorney

*Attorneys for Defendants* **CITY OF LOS ANGELES, OFFICER CHRISTOPHER WREN, and OFFICER JAMES DIAMOND**

**DEFENDANTS NOTICE OF MOTION AND FOURTH MOTION IN LIMINE TO EXCLUDE PERSONS LISTED IN PLAINTFFS' AMENDED WITNESS LIST; MEMORANDUM OF POINTS AND AUTHORITIES**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

By this motion, the Defendants request an order in limine precluding Plaintiffs' from calling two witnesses, Doreen Hudson and Amy Driver, which were listed in their supplemental witness list, docketed as document number 115, filed on June 7, 2010.

### II.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 11, 2005 Officers from LAPD's narcotics unit as well as gang enforcement officers from LAPD's Southwest Division went to a home located at 3791 South Cimarron Street for the purpose of serving a search warrant based upon suspected narcotics activity going on inside the house. When officers arrived, they were spotted by a person at the house who fled on foot when he saw the officers. Officers Christopher Wren and James Diamond immediately ran after the individual who had fled towards the backyard area of the house. As the officers ran to the backyard, they heard persons running out of the house into the backyard area. They also heard the sounds of persons jumping over the side and back fences.

When Officers Wren and Diamond rounded the corner of the house and entered the backyard, they observed Brayland Randolph running away from them towards the side gate. The officers immediately noticed that Randolph had a handgun in his left hand pointed back at them. Both officers shouted "Gun!" to warn the other officers running up behind them that a suspect was armed with a gun. Randolph kept the gun pointed at the officers as he jumped the side fence into the adjacent yard. In fear for the lives, Officers Wren and Diamond opened fire on Randolph. Randolph was struck by several of the officers' bullets and collapsed on the ground of the adjacent yard. He was later pronounced dead. His firearm was recovered from the tall grass next to the fence he had jumped over. The coroner ruled the cause of dead was due to multiple gunshot wounds.

3

**DEFENDANTS NOTICE OF MOTION AND FOURTH MOTION IN LIMINE TO EXCLUDE PERSONS LISTED IN PLAINTFFS' AMENDED WITNESS LIST; MEMORANDUM OF POINTS AND AUTHORITIES**

1. Randolph's minor children filed this lawsuit alleging the officers wrongfully shot
2. and killed their father in violation of his 4th amendment rights. They further alleged that
3. the City of Los Angeles maintained a policy, practice or custom of fostering the alleged
4. unlawful conduct. The Defendant Officers deny these allegations, given that they shot
5. Randolph in defense of their lives while Randolph pointed a loaded gun at them.
6. The case was tried before a jury in February of 2010, resulting in a mistrial. The
7. case has been set for trial on July 6, 2010.

## III.

## PLAINTIFFS' ATTEMPT TO ADD WITNESSES VIOLATES F.R.C.P. RULE 26(A)(2)

This case was originally filed in November of 2006. The Plaintiffs filed their initial disclosures, indicating all the witnesses they reasonably believed may be called to testify at trial. They also disclosed expert witnesses, and filed a witness list for trial. The two witnesses who are indicated on their amended witness list were never included on any of the previous lists filed with this Court or served on the Defendants. Furthermore, discovery has been closed on this case for over a year.

Plaintiffs listed Amy Driver, a criminalist working for L.A.P.D.'s Scientific Investigation Division, as a new witness whom they intend to call at the retrial. Ms. Driver performs the same function as Rafael Garcia, who testified as to the evidence collection in the initial trial. Rafael Garcia was (1) listed as a witness by both the Plaintiffs and the Defendants, (2) deposed, and (3) testified at trial. Amy Driver was listed as a person at the scene of the incident in the Force Investigation Report which was produced to Plaintiffs over two years ago, but never disclosed as a potential witness by the Plaintiffs prior to June 7, 2010. Given the fact that they were aware of her involvement in the case over two years ago, they are precluded from arguing that they were unaware of her involvement in the case prior to the time of filing their amended witness list. Given that she was never listed as a potential witness by the Plaintiffs, they

4

are precluded by F.R.C.P. Rule 37(c)(1) from calling her at the retrial.

F.R.C.P. Rule 26(a)(2) requires disclosure of expert witnesses at least 90 days before the date set for trial. In this case, Doreen Hudson was not a percipient witness. She is merely a supervisor of Rafael Garcia and Amy Driver, two persons who collected physical evidence at the scene of the underlying incident. She is not listed as a person who appeared at the scene of the incident, and she was not involved in the collection of evidence. In their amended witness list, Plaintiffs only indicate that Ms. Hudson will provide testimony "related to the investigation of the crime scene." However, Ms. Hudson was not involved in the investigation of the crime scene.

The Defendants anticipate that Plaintiffs will attempt to elicit testimony from Ms. Hudson related to her opinions of the manner in which the shooting occurred. Since she did not witness the shooting, nor was she involved in the reconstruction of the shooting, her opinion would be improper expert witness testimony. Ms. Hudson lacks the requisite expertise to provide that type of expert testimony, but the Defendants are not afforded a chance to make that type of an argument, as she was never disclosed as a potential expert. Given the fact that Plaintiffs never disclosed Ms. Hudson as either a retained or a non-retained expert, they are barred by F.R.C.P. rule 37(c)(1) from calling her now.

## IV.

## FEDERAL RULE OF CIVIL PROCEDURE 37(c)(1) EXCLUDES PLAINTIFFS NEW WITNESSES FOR FAILURE TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 26(a)

F.R.C.P. Rule 37(c)(1) provided in pertinent part:

> "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."

The Plaintiffs cannot argue that their failure to disclose is harmless, given that the

5

**DEFENDANTS NOTICE OF MOTION AND FOURTH MOTION IN LIMINE TO EXCLUDE PERSONS LISTED IN PLAINTFFS' AMENDED WITNESS LIST; MEMORANDUM OF POINTS AND AUTHORITIES**

trial is only three weeks away, and the Defendants have not had an opportunity to depose these witnesses or prepare a defense to their testimony. Plaintiffs are essentially attempting to sandbag the Defendants with a new expert and a new witness on the eve of trial in an attempt to confuse the jury and prejudice the Defendants.

Nor can the Plaintiffs argue that their failure to disclose these witnesses was justified. Ms. Hudson was not a percipient witness, therefore the Plaintiffs would have had to disclose her as an expert long ago. Failure to do so, after the close of discovery and on the eve of a retrial, is unjustified and unnecessary. Furthermore, the Plaintiffs were aware of Ms. Driver's involvement over two years ago, and cannot justify their failure to disclose her as a witness now.

## V.

## CONCLUSION

For the reasons set forth above, the Defendants respectfully request that this Court exclude Plaintiffs newly disclosed witnesses pursuant to F.R.C.P. Rule 37(c)(1) for failure to comply with F.R.C.P. Rule 26(a) as the addition of these witnesses on the eve of trial would be extremely prejudicial to the defense.

DATED:     June 15, 2010

**CARMEN A. TRUTANICH,** City Attorney
**GARY G. GEUSS**, Chief Asst. City Attorney
**CORY M. BRENTE,** Supv. Assistant City Attorney

By: /S/ Denise C. Johnson
**DENISE C. MILLS**
Deputy City Attorney

*Attorneys for Defendants*

6

**DEFENDANTS NOTICE OF MOTION AND FOURTH MOTION IN LIMINE TO EXCLUDE PERSONS LISTED IN PLAINTFFS' AMENDED WITNESS LIST; MEMORANDUM OF POINTS AND AUTHORITIES**